UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br><br>Plaintiff,<br><br>v.<br><br>GLENN COUNTY, et al.,<br><br>Defendants. | No. 2:25-cv-1327 DAD AC PS<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

1  (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton
2  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
3  1037 (2011).
4       The court applies the same rules of construction in determining whether the complaint
5  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
6  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
7  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
8  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
9  (1972).  However, the court need not accept as true conclusory allegations, unreasonable
10 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
11 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
12 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
13 556 U.S. 662, 678 (2009).
14       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
15 state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has
16 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
17 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
18 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
19 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
20 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
21 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).
22    B.  The Complaint
23       Plaintiff sues for violations of his Second and Fourteenth Amendment rights pursuant to
24 42 U.S.C. § 1983, as well as violations of the Americans with Disabilities Act.  ECF No. 1 at 7-
25 8.[1]  Plaintiff alleges that in October of 2024, he applied for a concealed carry weapon permit

---

27 [1] This case is similar but not identical to another pending case brought by plaintiff in this District,
   Creel v. DJ Mobile, et al., 2:24-cv-3403 DC CSK ("Creel I").  The undersigned finds it is not
28 sufficiently duplicative of the existing case to warrant dismissal on that basis.

(CCW) in Glenn County, California. Defendant John Owens is a Glenn County law enforcement officer involved in CCW application processing. Id. at 9. Plaintiff made attempts to contact Owens with questions regarding acceptable documentation for the permit, but was ignored. Id. Over a month later, plaintiff received notice that his CCW permit was denied, stating he was a "threat to others in society," even though plaintiff never met Owens and did not have an opportunity to be heard. Plaintiff contacted defendant District Attorney Dwayne Stewart and informed him that he was filing a lawsuit. Id. During court proceedings Stewart allowed plaintiff to reapply for a CCW without paying another filing fee. Id. at 10.

At a court hearing, plaintiff's ADA accommodation form and legal arguments were lost by the court or county staff, preventing him from presenting crucial material. Id. at 10. Plaintiff believes his paperwork was intentionally misplaced and that he was being discriminated against due to his disability. Id. The judge acknowledged the missing form and gave plaintiff time to step outside if needed, but did not make any other accommodations. Plaintiff contends he was never granted meaningful access to a second application and remains in "legal limbo" with no follow up over five months after the hearing. Plaintiff alleges he was subject to greater scrutiny, delay, and procedural unfairness due to his impairments of ADHD and autism. Id. at 11.

C. Analysis

This complaint must be dismissed for several reasons, which are summarized here and detailed below. First, this case is likely barred by the Rooker-Feldman doctrine because it appears to challenge the outcome of a state court case. Second, plaintiff cannot state a claim that his Second Amendment or Fourteenth Amendment rights were violated based on the general argument that CCW permitting processes are not constitutional, because the law is clear that government entities can impose some restrictions on the concealed carrying of weapons in public places. Third, plaintiff cannot state a claim that the Americans with Disabilities Act was violated because he was denied a CCW permit, because he does not identify any accommodations that should or could have been made in the application process. Further, to the extent plaintiff argues the ADA should have prevented him from being denied a permit based on his mental health or mental impairments, the ADA does not override the principle that the Second Amendment

3

contemplates reasonable limitations on the possession of concealed firearms in public, including limitations based on a person's mental impairments insofar as they impact that person's safety in society. Finally, to the extent plaintiff asserts that the ADA was violated in connection with court processes, those claims are not connected to any defendant in this case, and again, plaintiff does not identify any accommodation that should have been made for him but was not.

### 1. Plaintiff's Case is Likely Barred by the *Rooker-Feldman* Doctrine

The complaint states that plaintiff sued in state court over the denial of his CCW permit, and though he does not provide a case number or any specific information about the state court case, his allegations are based at least in part on the state court's handling of his lawsuit. ECF No. 1 at 9-11. Because plaintiff's claims are entwined with a prior state court action, they are very likely barred by the Rooker-Feldman doctrine.[2] See Worldwide Church of God v. McNair, et al., 805 F.2d 888, 890 (9th Cir. 1986) (stating that under the Rooker-Feldman doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings"); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (holding that district courts lack subject matter jurisdiction if the current claims are "inextricably intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules"). Because plaintiff's complaint is insufficiently clear to permit a confident determination that Rooker-Feldman bars plaintiff's claims, the court turns to the other reasons this case must be dismissed.

### 2. Plaintiff Does Not State a Claim for Violation of the Second or Fourteenth Amendment

Plaintiff's complaint is founded on the belief that Glenn County's CCW permitting program as a whole is unconstitutional, and that all CCW permitting programs are generally unconstitutional. This is not the case. It is true that "the Second and Fourteenth Amendments

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

protect an individual's right to carry a handgun for self-defense outside the home." New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 10 (2022). However, it has been repeatedly held by the Supreme Court that "the right secured by the Second Amendment is not unlimited." United States v. Rahimi, 602 U.S. 680, 690–91 (2024) (quoting District of Columbia v. Heller, 554 U.S. 570, 626 (2008)). Indeed, "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." Heller, 554 U.S. at 626; see also United States v. Rahimi, 602 U.S. 680, 691 (2024) (noting that the Second Amendment right is not unlimited and stating jurisdictions have forbidden carrying concealed firearms). The Supreme Court explained in Bruen that "[s]tates could lawfully eliminate one kind of public carry—concealed carry—so long as they left open the option to carry openly." 597 U.S. at 59. Most recently, the Supreme Court expressly held that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." Rahimi, 602 U.S. at 702.

Plaintiff argues that Glenn County's CCW system is inconsistent with Bruen, ECF No. 1 at 10-11, but he does not explain how and no caselaw supports the theory. As explained by the court in California Rifle & Pistol Ass'n, Inc. v. Los Angeles County Sheriff's Dep't, 745 F. Supp. 3d 1037, 1045 (C.D. Cal. 2024), California has revised its CCW system to ensure compliance with the Bruen decision. Plaintiff relies on the general proposition that that all CCW permit systems are "a cancer on civil liberties and a threat to lawful gun owners' rights." ECF No. 1 at 10. This broad and conclusory assertion of unconstitutionality is contrary to clearly established law.

        3.    Plaintiff Does Not State a Claim under the Americans with Disabilities Act Related to the Denial of his CCW permit

Plaintiff claims that defendants "failed to provide reasonable accommodations and instead obstructed Plaintiff's access to public services and legal remedies" as a result of his ADHD and autism. ECF No. 1 at 12. To state a disability discrimination claim under Title II of the ADA, "a plaintiff generally must show: (1) she is an individual with a disability; (2) she is otherwise

qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." Sheehan v. City and County of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed in part sub nom. City and County of San Francisco, Calif. v. Sheehan, 575 U.S. 600 (2015). To state a failure to accommodate claim, plaintiff must show he is a "(1) qualified individual with a disability; (2) he was either excluded from participation in or denied benefit of a public entity's services, programs or activities; and (3) the exclusion, denial or discrimination was because of his disability. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). Plaintiff must show that the accommodation sought is reasonable and that a reasonable accommodation exists. Id.

It is not clear whether plaintiff is claiming discrimination based on disability, or failure to accommodate, or both. Plaintiff broadly claims that he "had to endure longer wait times, repeat explanations of his situation, and jump through additional bureaucratic hoops compared to others, based on his experiences and comparisons with similarly situated individuals." ECF No. 1 at 11. Plaintiff does not make clear that he was "otherwise qualified to participate in or receive the benefit" of a CCW, or that a reasonable accommodation was available to plaintiff that was not employed in the CCW permitting process.

The Americans with Disabilities Act is intended to prevent discrimination in access to public benefits. It is apparent from the complaint that that plaintiff was able to participate in the CCW permitting process by virtue of the fact that his permit was processed and denied. He states that he submitted his application in October of 2024 (ECF No. 1 at 9), and he filed his first lawsuit regarding the denial of his CCW permit in early December of 2024, indicating that his application was processed within the span of a few months. See, Creel I. Plaintiff does not identify specific discrimination he faced in the application process. The facts he alleges make it clear that he was not denied access to the application process, and the broad allegation that he had to explain himself more or "jump through [more] bureaucratic hoops" than non-disabled people,

without more, in insufficient.

The ADA does not prohibit the denial of a CCW permit based on a mental disability. As discussed above, the Constitution has never guaranteed an absolute unrestricted right to carry weapons outside the home; instead, a regulating state or local "government must demonstrate that the [CCW permit] regulation is consistent with this Nation's historical tradition of firearm regulation." Bruen, 597 U.S. at 17. The Court in Bruen expressly noted that it is well founded within historical context, and fully in keeping with the Second Amendment, that a governmental entity may create a screening process to ensure that "no disorderly person, vagrant, or disturber of the peace, shall be allowed to bear arms." Bruen, 597 U.S. at 63 (quoting Cong. Globe, 39th Cong., 1st Sess., at 908–909). Plaintiff states he was denied a CCW permit because he was found to be a "threat to others in society." ECF No. 1 at 9. Such a restriction is entirely consistent with the Second Amendment. To the extent plaintiff is arguing that the Americans with Disabilities Act is incompatible with, overrides, or prevents this outcome, he is incorrect.

          4.   Plaintiff Does Not State an ADA Claim in Relation to his State Court Case

Plaintiff's allegations could be construed as a failure to accommodate claim related to his state court case. No party responsible for any failure to accommodate is identified. In other words, there is no defendant clearly attached to these allegations. Even if there were, plaintiff does not state a claim because he does not identify an available accommodation that would have ameliorated his situation in court, much less an accommodation that any named defendant could have provided.

### D. Leave to Amend is Not Appropriate

For all the reasons set forth above, the complaint must be dismissed. Leave to amend is not appropriate because, in light of the nature of the complaint, the court finds that amendment would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court need not allow futile amendments). Accordingly, the complaint should be dismissed without leave to amend.

////

////

## II. Pro Se Plaintiff's Summary

You are being granted in forma pauperis status and do not have to pay the filing fee. However, it is being recommended that your case be dismissed because it does not state a claim upon which relief can be granted, and because it is likely barred by a legal doctrine that prevents federal courts from re-hearing decisions already made by state courts. If you disagree with this recommendation, you may file objections within 21 days.

## III. Conclusion

The court ORDERS that the motion to proceed IFP (ECF No. 2) is GRANTED.

Further, the undersigned RECOMMENDS that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it is barred by the Rooker-Feldman doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 11, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE